IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL BENDELE,<br>on Behalf of Himself and Others<br>Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>CHAMA GAUCHA BRAZILIAN<br>STEAKHOUSE, INC. AND<br>JOAO ONGARATTO, and JOHN<br>DOE DEFENDANTS 1 to 5,<br><br>Defendants. | CIVIL ACTION NO.<br><br>_____<br><br><br><br>JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

MICHAEL BENDELE, on behalf of himself and all others similarly situated, (collectively "Plaintiffs"), complains of CHAMA GAUCHA BRAZILIAN STEAKHOUSE, INC. ("Chama Gaucha") and JOAO ONGARATTO ("Ongaratto") (collectively "Defendants"), and for cause of action respectfully shows unto the Court the following:

**INTRODUCTION**

1.    Defendant, Chama Gaucha Brazilian Steakhouse, Inc., owns and operates

a Brazilian steakhouse in San Antonio, Bexar County, Texas as well in other cities throughout the United States.  Defendant employed Plaintiff Michael Bendele ("Bendele") from approximately April 2015 until February 2016 as a server.  In violation of the Fair Labor Standards Act (FLSA), Defendant engaged in the practice of taking a percentage of Bendele's and the other server's tips.  Defendant engaged in a policy and practice of taking approximately 15% of Bendele's and all other servers' tips.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Western District of Texas San Antonio Division because all or a substantial part of the acts or omissions occurred in this district.

## PARTIES

4. Plaintiff Michael Bendele is an individual residing in San Antonio, Bexar County, Texas who was employed by Defendant.

5. The class of similarly situated employees consists of all servers employed at all Chama Guacha locations over the past three years (the "putative class").

6. Defendant Chama Guacha Brazilian Steakhouse, Inc. is a domestic, for-profit corporation that owns and operates Brazilian steakhouses in San Antonio, Houston, Chicago, and Atlanta. The first of these many restaurants was opened in San Antonio, Texas.  The headquarters for all locations is in San Antonio, Texas. Chama Guacha is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and its employees handle and sell goods that have been moved in or been produced for commerce such as food and beverages.  29 U.S.C. § 203(s)(1).

Defendant may be served with citation through its registered agent, Maria T. LoRusso, JD, MBA, A Professional Corporation, at the following address: 19202 Huebner Road, Suite 103, San Antonio, Texas 78258.

7. Joao Ongaratto is subject to the FLSA individually and is an "Employer" under the FLSA and may be served with process at: 18214 Camino Del Mar, San Antonio, Texas 78257. This Defendant is the President and owner of Chama Gaucha Brazilian Steakhouse, Inc. and all other entities that may have been formed for the other locations throughout the United States and Texas. Ongaratto owns and operates Brazilian steakhouses in San Antonio, Houston, Chicago, and Atlanta. These various restaurants operate under the name of Cham Gaucha Brazillian Stakehouse. All managers report to Ongaratto. The employees report to Ongaratto. Ongaratto dictates how Chama Gaucha should be run, the goals of the restaurants, and what needs to be done in order to meet those goals. This Defendant has the power to hire and fire the employees; supervise and control employee work schedules; determine the rate and method of payment; and maintain employment records.

8. Plainitffs, upon information and belief, have added the John Doe Defendants to address any additional relevant employers, entities, or responsible third parties found to exist after the filing of this Complaint that are liable, in whole or in part, for the FLSA claims.

## FACTS

9. Defendants employed Bendele and other putative class members as servers in San Antonio, Houston, Chicago, and Atlanta, paying them all $2.13 an hour plus tips from customers.

10. Defendants pay Plaintiffs less than the federal minimum wage, taking advantage of a tip credit, which allows Defendants to include a portion of the amounts employees receive in tips in their calculation of wages.

11. Defendants require Plaintiffs to contribute a portion of their total gross sales during each shift to a tip pool controlled by Defendant. Defendants have implemented this practice at all restaurant locations throughout the United States.

12. Defendants fail to properly inform their employees required to participate in the tip pool of the requirements of the FLSA.

13. Plaintiff Bendele and all putative class members were not able to keep 100% of the tips they earned; rather, Defendants forced Bendele and the putative class members to deduct approximately 15% of their tips received, and then unlawfully retained this percentage for themselves.

14. Through its actions, Defendants violated the minimum wage provisions of the FLSA and forfeited their right to claim a tip credit against their minimum wage obligations for each hour Bendele and each putative class member worked within the last three years when these deductions were made.

15. Not only have Defendants engaged in egregious, unlawful practices in the State of Texas, but they have engaged in egregious, unlawful practices throughout the United States, effectively cheating and depriving their employees of wages properly and honestly earned.

## COLLECTIVE ACTION ALLEGATIONS

16. Defendant employs several other servers; Plaintiff Bendele brings this case as an "opt-in" collective action on behalf of similarly situated employees of

Defendants (the "putative class") pursuant to 29 U.S.C. § 216(b).

17. Plaintiff Bendele, on behalf of the putative class, seeks relief on a collective basis and challenges Defendants' illegal tip pooling practice.

18. Bendele is similar to the putative class because he and the members have been required to participate in an illegal tip pooling scheme. These experiences are typical of the putative class. There is a common nucleus of liability.

19. The other servers at Chama Gaucha perform similar job duties as those performed by Bendele, such as interacting with customers, taking food and drink orders, serving food and drinks, and promoting specials.

20. Defendants make the same deductions from the putative class members' wages and tips as Bendele.

21. Like Bendele, the putative class members are entitled to recover their unpaid minimum and misappropriated tips. Notice is appropriately sent to:

ALL SERVERS EMPLOYED BY CHAMA GAUCHA BRAZILIAN STEAKHOUSE, INC. DURING THE PERIOD OF MARCH 1, 2013 TO THE PRESENT.

## CAUSES OF ACTION
### FLSA Tip Sharing Violation
### On Behalf of All Plaintiffs Against All Defendants

22. Plaintiff re-alleges and incorporates by reference the facts set forth above.

23. Defendants' policy and practice of not paying the full statutory minimum wage for all hours worked violated the FLSA.

24. Defendants' intentional policy and practice of requiring its tipped employees to pay a percentage of their tips to non-tipped employees, as well as to

Defendant Chama Gaucha itself, violates the FLSA. 29 U.S.C. § 203(m).

25. Plaintiffs in San Antonio, Houston, Chicago, and Atlanta are all victims of a common policy or plan. This common policy or plan, in violation of the FLSA, has been applied similarly to all similarly situated employees in Defendants' employ.

26. Defendants knew or should have known that its policies and practices relating to tip pooling and training compensation violated the FLSA. Defendants have not made a good faith effort to comply with the FLSA.

27. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result of this willful violation, Plaintiffs are entitled to recover an award of liquidated damages.

28. Bendele and all members of the putative class are entitled to the minimum wage for each hour worked.

29. Bendele and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

30. Plaintiffs have suffered and continue to suffer damages for this violation of law in excess of the minimum jurisdictional limits of this Court.

## JURY DEMAND

31. Bendele hereby demands a jury trial.

## CONDITIONS PRECEDENT

32. All conditions precedent under all relevant statutes and law have been satisfied.

## **PRAYER**

Bendele respectfully requests that judgment be entered against Chama Guacha Brazilian Steakhouse, Inc. and Joao Ongaratto, awarding him and all similarly situated employees:

a. a return of all tips and/or wages retained by Defendant;

b. liquidated damages;

c. reasonable attorneys' fees and expenses;

d. court costs; and

e. any other relief, both at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

By:    */s/ Glenn D. Levy*
      Glenn D. Levy
      Texas Bar No. 12264925
      LAW OFFICES OF GLENN D. LEVY
      906 West Basse, Suite 100
      San Antonio, TX  78212
      Tel.: (210) 822-5666
      Fax:  (210) 822-5650
      **ATTORNEYS FOR PLAINTIFFS**